# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CLOREY EUGENE FRANCE,          )
                               )
          Petitioner,          )
                               )
     v.                        )          1:13CV250
                               )
STATE OF NORTH CAROLINA,       )
                               )
          Respondent.          )
```

## ORDER

Petitioner, a state prisoner, commenced this action by filing a pro se Petition under 28 U.S.C. § 2254, which the Court docketed on March 26, 2013. (Docket Entry 2.) The Court screened the Petition and ordered a response on April 9, 2013. (Docket Entry 4; see also Docket Entry dated Mar. 29, 2013.) In the interim, Petitioner filed several motions, which the Court denied. (See Text Order dated Apr. 16, 2013; see also Docket Entries 3, 5, 6.) Respondent timely responded on May 20, 2013, including by moving for summary judgment. (Docket Entries 7-9.) Petitioner opposed that summary judgment motion with a filing docketed on June 5, 2013, and submitted a number of additional motions on that day or shortly thereafter. (Docket Entries 11-15.)

He now has filed a Motion for Mandamus. (Docket Entry 16.) In it, "[p]ursuant to [28 U.S.C.] § 2243, Petitioner [] ask[s] that the Court make a ruling and decision upon his application for writ

of habeas corpus within five (5) days, or twenty (20) days at the most, from the Court's receipt of this Motion for Mandamus[.]" (Id. at 5; see also id. at 3-4 (setting forth argument about what § 2243 purportedly requires).) Alternatively, "[p]ursuant to F[ed]. R. Ap[p]. P. Rule 23(b) and (c), Petitioner [] ask[s] that the Court, in the event that more than twenty (20) day [sic] is needed or allowed to make a decision, release [] Petitioner on his personal recognizance, with or without a surety[.]" (Id. at 5.)

"[A] district court d[oes] not err by entertaining a motion for a writ of mandamus in the context of a pending action." United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 509 (4th Cir. 1999). However, "[t]he mandamus remedy is a 'drastic one' reserved for 'extraordinary situations' involving the performance of official acts or duties." Id. at 511 (quoting Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 402 (1976). "Accordingly, as a condition for issuance of the writ, the party seeking it must satisfy 'the burden of showing that his right to issuance of the writ is clear and indisputable.'" Id. (quoting Kerr, 426 U.S. at 403).

Petitioner has demonstrated no such "clear and indisputable" right to resolution of his § 2254 Petition within five (or even 20) days. In this regard, the Court notes that § 2243, the sole authority cited by Petitioner in support of that aspect of his instant Motion, does not entitle Petitioner to consideration of his

2

§ 2254 Petition on any particular schedule or ahead of other actions filed before his. See, e.g., Castillo v. Pratt, 162 F. Supp. 2d 575, 576-77 (N.D. Tex. 2001) (denying request for expedited determination of petition based on timing provisions of § 2243 and explaining that more flexible Rules Governing Section 2254 Cases control); see also Goldberg v. Tracy, 247 F.R.D. 360, 392 (E.D.N.Y. 2008) (observing that § 2243 does not impose strictly enforceable time limits and that rulings in habeas cases often take years), aff'd, 366 F. App'x 198 (2d Cir. 2010).

The following words uttered by another court in an analogous context apply aptly in this case:

> Most habeas petitioners attack their conviction and sentence and seek immediate release. [Petitioner] has shown nothing that separates his filing from the filings that preceded it. He has not shown that, in the factual context of this case, his [P]etition has such merit that expedited consideration is warranted.
>
> . . . Prompt consideration is undoubtedly important and a high priority of the courts. Federal courts strive to avoid undue delay that would prejudice petitioners. [Petitioner], however, has shown no undue delay here. Nor has he shown that any delay in this case has been or will be highly prejudicial to him. . . .
>
> For all the preceding reasons, the Court will not give priority to the [P]etition filed in this action. . . . The Court will address [P]etitioner's writ of habeas corpus in due course.

Castillo, 162 F. Supp. 2d at 576-77.

Similarly, Petitioner has failed to show exceptional circumstances of the sort necessary to qualify for release pending

3

review of his Petition. See, e.g., United States v. Eliely, 276 F. App'x 270, 270 (4th Cir. 2008) (citing Lee v. Jabe, 980 F.2d 869, 871 (6th Cir. 1993), and Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)); Robinson v. Cohen, C.A. No. 2:07-3270-SB-RSC, 2008 WL 512774, at *1 (D.S.C. Feb. 25, 2008) (unpublished) (citing Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992), and Calley).

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Mandamus (Docket Entry 16) is **DENIED.**

This the 20th day of November, 2013.

           /s/ L. Patrick Auld
           **L. Patrick Auld**
       **United States Magistrate Judge**