IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CLOREY EUGENE FRANCE,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 1:13CV250 |
| STATE OF NORTH CAROLINA,<br>Respondent. | )<br>)<br>)<br>) | |

ORDER

BEATY, District Judge.

On November 20, 2013, the United States Magistrate Judge filed an Order [Doc. #17] denying Petitioner Clorey Eugene France's Motion for Mandamus [Doc. #16]. In Petitioner's Motion for Mandamus, he sought to compel review of his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") [Doc. #2]. (Mot. for Mandamus [Doc. #16], at 1.) Petitioner, *pro se*, then filed a Notice of Appeal [Doc. #18], which the Magistrate Judge construed as timely filed objections. The Magistrate Judge then issued a text Order on December 4, 2013, ordering Petitioner to file a supplemental memorandum setting forth the specific bases on which he objects to the denial of mandamus relief. Petitioner filed said Supplemental Memorandum, entitled "Objections to Magistrate Judge's Order" [Doc. #20], and the Magistrate Judge thereafter referred the matter to this Court for consideration of Petitioner's objections.

Because Petitioner's Motion for Mandamus seeks relief that is nondispositive, the Magistrate Judge issued a ruling on this matter, rather than a recommendation. Therefore, upon review of Petitioner's timely objections, this Court may only modify or set aside any part of the Order which is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("When a pretrial

matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); see 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [designated to a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

As the Magistrate Judge explained, relief by way of mandamus is "a drastic remedy and should only be used in extraordinary circumstances." In re Ruston, 475 F. App'x 467, 468 (4th Cir. 2012) (citing Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976); United States v. Moussaoui, 333 F.3d 509, 516-17 (4th Cir. 2003)). "Further, mandamus relief is available only when the petitioner has a clear right to the relief sought." Id. (citing In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988)). "The party seeking mandamus relief bears the heavy burden of showing that he has no other adequate means to obtain the relief sought and that his entitlement to relief is 'clear and indisputable.'" In re Jones, 139 F. App'x 515, 515 (4th Cir. 2005) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980)).

In support of his Motion seeking mandamus relief in the form of a compelled ruling on his § 2254 Petition, Petitioner cites the following provisions from 28 U.S.C. § 2243:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. The writ, or order to show cause . . . . shall be

> returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. . . . When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

(Mot. for Mandamus [Doc. #16], at 3 (citing 28 U.S.C. § 2243 (2012)). In this case, upon receipt of the § 2254 Petition, the Magistrate Judge ordered that Respondent file an answer within 40 days under Rules 4 and 5 of the Rules Governing Section 2254 Cases. (Order [Doc. #4], at 2.) These Rules provide greater flexibility to courts as to how much time may be allowed for responding to a habeas petition. See Section 2254 R. 4, advisory committee's note ("In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. . . . Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made."). Furthermore, the time requirements of § 2243, drafted in 1948, are not observed literally by federal courts. See Goldberg v. Tracy, 247 F.R.D. 360, 392, (E.D.N.Y. 2008) ("Notwithstanding the clarity of section 2243, the statute's speediness requirements have not been observed literally by federal courts."), aff'd, 366 F. App'x 198 (2d. Cir. 2010). Therefore, the Court need not compel a more expeditious decision on Petitioner's § 2254 Petition merely because of the time requirements listed in 28 U.S.C. § 2243.

In addition, Petitioner's Motion for Mandamus also requested that the Court "release the Petitioner on his personal recognizance, with or without a surety," "[p]ursuant to [Federal Rule of Appellate Procedure] 23(b) and (c)," "in the event that more than twenty (20) day[s are] needed or allowed to make a decision." (Mot. for Mandamus [Doc. #16], at 5.) However,

3

Federal Rule of Appellate Procedure 23(b) and 23(c) apply only when *review* of a decision in a habeas proceeding is pending, not while the decision itself is pending. Fed. R. App. P. 23(b) ("*While a decision* not to release a prisoner *is under review*, . . . ." (emphasis added)); Fed. R. App. P. 23(c) ("*While a decision* ordering the release of a prisoner *is under review*, . . . ." (emphasis added)). Therefore, Federal Rule of Appellate Procedure 23(b) and 23(c) do not apply to Petitioner's case, where a decision on the merits has not yet been made (and therefore cannot yet be under review).

Finally, Petitioner's contention in his objections that the Magistrate Judge should have analyzed the factors set out in Hilton v. Braunskill, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987), is also unavailing. The factors listed by Petitioner (likelihood of success on the merits, irreparable injury, whether any other parties will be substantially injured, and where the public interest lies) and discussed in Hilton are those factors applicable when a court is considering whether or not it should grant a stay pending appeal of a decision made by a district court. 481 U.S. at 776, 107 S. Ct. 2113 ("[T]he factors regulating the issuance of a stay are[:] (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."). These factors were appropriate to the discussion in Hilton, where the Court was considering whether the Court of Appeals should have stayed the district court's order releasing the successful habeas petitioner while the appeal of the grant of the petition was pending. However, these factors do not apply where a court is not considering whether to stay

an order. Therefore, as Petitioner does not seek to stay any order issued in his § 2254 action, this argument is also unavailing.

The Court has appropriately reviewed the Order and Petitioner's timely filed objections. For the reasons explained by the Magistrate Judge and the aforementioned reasons, the Court finds that no clear error exists and therefore declines to modify or set aside any part of the Magistrate Judge's Order [Doc. #17] denying Petitioner's Motion for Mandamus.

IT IS THEREFORE ORDERED that Petitioner's Motion for Mandamus [Doc. #16] is denied.

This, the 30th day of April, 2014.

_____
United States District Judge